USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:
ROCCO IANNACCHINO,                          Chapter 11

              Debtor,                          Case No. 14-22077
----------------------------------------------------------------X
ROCCO IANNACCHINO and
ROCCO'S LANDSCAPING, INC.,

              Plaintiffs/Debtors,
   -against-                                  15-cv-09408 (NSR)
                                                 OPINION AND ORDER
JOHN RUZZA, JOANN RUZZA,
CHRIS CASTLE, CASTLE LAW, P.A.,
ANTHONY VIGNA, CCTT GROUP,
THE PILLOW FOUNDATION, FTB
SECURITIZATION AUDITING, LLC,
MARIA MALAVE, TONY PALMA and
"JOHN DOE#1" THROUGH "JOHN DOE#10,"
the last 10 names being fictitious and unknown
to the Plaintiff,

              Defendants.
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

     Plaintiffs Rocco Iannacchino ("Iannacchino" or "Plaintiff Iannacchino") and Rocco's Landscaping, Inc. ("Rocco's Landscaping," and, together with Iannacchino, the "Plaintiffs") as debtors commenced the instant adversary proceeding asserting claims against various defendants (collectively, "Defendants"), including Anthony Vigna ("Defendant Vigna"). Defendant Vigna now moves, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a), to withdraw the reference of Plaintiffs' ninth, tenth and eleventh causes of action in the adversary proceeding from the United States Bankruptcy Court for the Southern District of New York to the United

1

States District Court for the Southern District of New York. For the reasons that follow, Defendant Vigna's motion is GRANTED.

## BACKGROUND[1]

On or about January 21, 2014, Plaintiff Iannacchino filed a petition seeking bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. On or about August 14, 2014, Iannacchino filed a Voluntary Petition seeking to convert his Chapter 13 petition to a Chapter 7 proceeding. Thereafter, Iannacchino moved and was granted leave of court by Order dated March 16, 2015 to convert his Chapter 7 petition to a Chapter 11 petition.

On or about July 30, 2015, Plaintiffs as debtors commenced the instant adversary proceeding asserting fourteen claims against various Defendants. Plaintiffs' ninth, tenth and eleventh causes of action sounding in breach of contract, legal malpractice and breach of fiduciary duty are asserted solely against Defendant Vigna. Plaintiffs allege, *inter alia*, that Iannacchino and/or Rocco's Landscaping retained Defendant Vigna, an attorney, pursuant to a written agreement, to provide legal advice and services to defend Plaintiff Iannacchino in a pending foreclosure action and to seek a mortgage modification. Plaintiff Iannacchino made, and Defendant Vigna accepted, an initial down payment for services to be rendered and agreed to make future payments.

Defendant Vigna purportedly was negligent, careless and breached his fiduciary duties as an attorney in connection with the mortgage foreclosure litigation. In particular, Plaintiffs allege that Defendant Vigna, as Iannacchino's attorney, filed a notice of appearance on behalf of

---

[1] The following background facts and procedural history are taken from the parties' submissions on this motion and do not appear to be in dispute. (*See* Notice of Mot. (ECF No. 1) ("Def.'s Notice of Mot."); Mem. of Law in Supp. of Def.'s Mot. to Withdraw the Reference to Bankruptcy Ct. (ECF No. 1); Mem. of Law in Opp'n to the Def.'s Mot. to Withdraw the Reference to Bankruptcy Ct. (ECF No. 6) ("Pls.' Opp'n"); Reply Mem. of Law in Further Supp. of Def.'s Mot. to Withdraw the Reference to Bankruptcy Ct. (ECF No. 8).)

2

Iannacchino in the foreclosure action and then failed to file an answer or take appropriate action, causing a default judgment to be entered against Iannacchino. As a result of Defendant Vigna's negligence, and but for Defendant Vigna's negligence, Plaintiff Iannacchino was caused to suffer injuries, inclusive of monetary damages.

Plaintiffs further allege that Defendant Vigna, while acting as Plaintiff Iannacchino's attorney, became aware that one of Defendant Vigna's co-defendants, John Ruzza ("Ruzza"), was defrauding Iannacchino. Iannacchino hired Ruzza and the CCTT Group to serve as his "Client Advocates" in assisting Iannacchino in obtaining a mortgage modification. Ruzza purportedly advised or arranged for Iannacchino to make his mortgage payments to the Pillow Foundation, which would retain the funds and make necessary mortgage payments on Iannacchino's behalf. Despite having knowledge that Ruzza, and the entities associated with Ruzza, had no intention of acting for the benefit of Iannacchino or of making necessary payments on behalf of Iannacchino, and that Ruzza was defrauding Iannacchino, Defendant Vigna failed to disclose such fraud to Iannacchino.

**LEGAL STANDARD**

28 U.S.C. § 157(d) provides, in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." While the statute does not define the term "cause," courts in the Second Circuit have generally focused on factors such as judicial economy, uniformity in the administration of bankruptcy law, reduction of forum shopping, and jury trial considerations. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). The framework established by the Second Circuit begins with the threshold question of whether the case involves a core or non-core proceeding,

"since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* at 1101. Once the district court "makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*; *see also Schneider v. Riddick (In re Formica Corp.)*, 305 B.R. 147, 149–50 (S.D.N.Y. 2004). "Whether a dispute is legal or equitable in nature and consequently whether the litigants are afforded the right to a jury trial is another consideration in determining whether the reference should be withdrawn." *McHale v. Citibank, N.A.*, 2009 WL 2599749, at *4 (S.D.N.Y. Aug. 24, 2009). In cases where withdrawal is not mandatory, "[t]he moving party bears the burden of demonstrating that permissive withdrawal of the reference is warranted." *Lehman Brothers Holdings Inc. v. Intel Corp. (In re Lehman Brothers Holdings Inc.)*, 18 F. Supp. 3d 553 (S.D.N.Y. May 10, 2014); *see also Nisselson v. Salim*, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013).

In 2011, the Supreme Court held in *Stern v. Marshall* that a United States Bankruptcy Court may not enter final judgment on some claims otherwise characterized as core by 28 U.S.C. § 157. *Stern v. Marshall*, 564 U.S. 462, 487–99, 502 (2011). "Under *Stern*, it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority." *In re Lyondell Chemical Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012). However, when resolving withdrawal motions involving non-core claims or proceedings, district courts need not decide the effect of the Supreme Court's decision in *Stern* on the application of the Second Circuit's *Orion* factors. *See In re Lehman Bros. Holdings Inc.*, 2014 WL 1877937, at *3 n.1 (stating that Court need not decide effect of *Stern* on *Orion* factors because there was no dispute that proceeding was non-core and Bankruptcy Court lacked authority to enter final judgment).

4

A determination that a Bankruptcy Court does not have final adjudicative authority over a claim does not mean that the reference must be withdrawn. The Bankruptcy Court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," and "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1); *see also Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014). "The district court must then review those proposed findings and conclusions *de novo* and enter any final orders or judgments." *Arkison*, 134 S. Ct. at 2172; *see also* 28 U.S.C. § 157(c)(1). In addition, the Supreme Court clarified in *Arkison* that *Stern* claims—those proceedings classified by 28 U.S.C. § 157(b)(2) as core, but over which the Bankruptcy Court lacks final adjudicative authority—may proceed in the same manner. *Arkison*, 134 S. Ct. at 2173 ("[28 U.S.C.] § 157(c) may be applied naturally to *Stern* claims.").

**DISCUSSION**

Here, all three relevant claims are state court claims and arise from Defendant Vigna's failure to provide adequate legal services pursuant to an agreement. All three claims are also factually intertwined. Notably, Defendant Vigna has demanded a jury trial. Pre-petition breach of contract claims asserted by a debtor against a party to the pre-petition contract, who has filed no claim with the bankruptcy court, are deemed non-core. *In re Orion Pictures Corp.*, 4 F.3d at 1102. Professional malpractice claims which arise pre-petition are likewise deemed non-core claims. *See, e.g., In re Joseph DelGreco & Co., Inc.*, 2011 WL 350281, at *3 (S.D.N.Y. Jan. 26, 2011) (internal citations omitted). Finally, a state law claim for breach of fiduciary duty based on pre-petition conduct that could exist independent of a pending bankruptcy case against a law firm has been deemed non-core. *Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP*, 201

5

B.R. 635, 639 (S.D.N.Y. 1996). Thus, it is the Court's determination that all of the claims which are the subject of Defendant Vigna's motion are non-core.[2]

Upon consideration of the *Orion* factors, this Court finds that they weigh in favor of withdrawal of the reference from the Bankruptcy Court. As the Court has noted, the claims are non-core claims. Two of the claims, breach of contract and legal malpractice, are legal in nature. The breach of fiduciary duty claim, though factually related to the breach of contract claim, is equitable in nature. *See Pereira v. Farace*, 413 F.3d 330, 338 (2d Cir. 2005). However, to the extent Plaintiffs seek compensatory damages, such claim may be viewed as legal in nature. *Soley v. Wasserman*, 2013 WL 1655989, at *2 (S.D.N.Y. Apr. 17, 2013) (citing *Pereira*, 413 F3d at 339). Legal claims weigh in favor of withdrawal as they typically implicate the right to a jury trial. Though Plaintiffs tacitly suggest that Defendant Vigna's application is an attempt at forum shopping, there is no evidence before the Court supporting such an allegation.

Another important factor in the analysis is whether a jury trial must be held. Here, it cannot be said that Defendant Vigna has waived his right to a jury trial, a factor which weighs in favor of withdrawal of the reference. *See In re Orion Pictures Corp.*, 4 F.3d at 1101 ("[T]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters."). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); *see also Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) ("Under [Fed. R. Civ. P.] 38(d), the failure to demand a jury trial within the period designated by [Fed. R. Civ. P.] 38(b) constitutes a waiver of that right as to all issues raised in the complaint."); *Cordius Trust v. Kummerfeld*, 2006 WL 1876677, at *2 (S.D.N.Y. July 7, 2006) ("The failure to request a jury trial constitutes waiver of the right to trial by jury."). "On any issue triable of right by a jury, a party may

---

[2] Plaintiff concedes that all claims asserted against Defendant Vigna are non-core claims. (Pls.' Opp'n 4.)

demand a jury trial by ... serving the other parties with a written demand ... no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "The 'last pleading' is the pleading that contests an issue, generally an answer to a complaint or a reply to a counterclaim." *Mt. Hawley Ins. Co. v. Van Cortlandt Village LLC*, 2010 WL 2290813, at *2 (S.D.N.Y. June 1, 2010); *see also McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). Defendant Vigna attached a copy of his Answer to Plaintiffs' Complaint, wherein he demands a jury trial, to his Notice of Motion. (*See* Def.'s Notice of Mot. Ex. B.)

Judicial economy does not weigh either in favor of or against withdrawing the reference. The Bankruptcy Court has administered Plaintiff Iannacchino's bankruptcy case since 2014. The adversary proceeding was commenced in December 2015. A review of the docket shows little activity in the adversary proceeding. While the Bankruptcy Court may be familiar with some of the legal issues and complexities of the bankruptcy proceeding, its knowledge will have little impact on resolving the claims which are the subject of this motion.

## CONCLUSION

Upon weighing all relevant factors and for the reasons stated above, Defendant Vigna's motion to withdraw the reference as to Plaintiffs' ninth, tenth and eleventh causes of action is GRANTED. Defendant Vigna is directed to file his Answer, as attached to his Notice of Motion, as a separate document, within fifteen days hereof. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 1. This constitutes the Court's Order.

Dated: February 20, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

7